# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 29, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MELVIN WHITTINGTON,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0036** (BOR Appeal No. 2050503)
(Claim No. 2012002631)

**MORTON CONSTRUCTION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Melvin Whittington, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Morton Construction, by Katherine H. Arritt, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 21, 2015, in which the Board affirmed a May 1, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 30, 2014, decision denying the request to add bursitis as a compensable component of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Whittington, a laborer, was injured in the course of his employment on April 4, 2011, when he lifted some lumber. Mr. Whittington saw John D. Crompton, M.D., for treatment on May 24, 2011. The diagnosis was listed as rotator cuff tendinitis and bursitis with degeneration and a possible partial thickness tear of the shoulder. Dr. Crompton explained to Mr. Whittington that his condition was degenerative and chronic in nature. On October 6, 2011, the claims administrator held the claim compensable for disorders of bursae and tendons in the right shoulder region, unspecified, excluding all pre-existing and/or degenerative and chronic issues.

1

On June 28, 2012, Mr. Whittington saw Paul Bachwitt, M.D., for an independent medical evaluation. Dr. Bachwitt determined that the pain Mr. Whittington was experiencing in his left shoulder was not connected to the work-related right shoulder injury. He determined that maximum medical improvement would not be achieved until the completion of work conditioning.

On March 25, 2014, Dr. Crompton completed a diagnosis update, listing the diagnoses as shoulder bursitis and rotator cuff tear. On July 30, 2014, the claims administrator denied the addition of bursitis as a compensable component of the claim because it was degenerative and chronic in nature.

On May 1, 2015, the Office of Judges affirmed the decision. It was determined that Mr. Whittington failed to meet his burden of proof. Bursitis is a degenerative condition common in men of Mr. Whittington's age. The medical record showed that Mr. Whittington's bursitis was degenerative and chronic in nature. Dr. Crompton explained this to Mr. Whittington when he was first diagnosed. The Office of Judges found that none of the documentation submitted by Mr. Whittington showed a connection between his bursitis and the work-related injury. The preponderance of the evidence demonstrated that Mr. Whittington's bursitis is a degenerative and chronic problem. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 21, 2015.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Whittington sustained an injury to his right shoulder in the course of his employment. He was diagnosed with bursitis, which Dr. Crompton believed to be degenerative and chronic in nature. Mr. Whittington failed to submit any medical documentation proving the connection between his bursitis and the work-related injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

2

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin